[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO RELEASE COURT ORDERED EVALUATIONS
This matter involves Shane Arsenault, whose date of birth is November 22, 1978. Shane is a child who is and has been committed to the custody of the Commissioner of the Department of Children and Youth Services ("Commissioner") since 1983.
On November 8, 1990 the Commissioner filed a motion with this court requesting that two court ordered psychological and psychiatric evaluations of Shane be released to the Department of Children and Youth Services ("DCYS") for the purpose of assisting that agency in planning for the care and treatment of the child. The respondent mother, Kathleen Arsenault, has objected to the release of the evaluations. At the request of the court, attorneys for the Commissioner and respondent mother have filed briefs concerning this issue. The court has reviewed the briefs as well as the entire court file concerning Shane, specifically including both of the written evaluations which are the subjects of this motion.
Section 52-146d(1) of the General Statutes authorized the parent or guardian of an incompetent individual, such as a minor child, to waive his privilege with respect to privileged communications when that person cannot assert or waive the privilege on his own. The court notes that the Commissioner is not just the child's custodian, she is his legal guardian. Section 46b-129(d) states that with respect to any child or youth adjudicated neglected or uncared for and committed to the custody of the commissioner, . . . the commissioner shall be the guardian of such child or youth for the duration of the commitment . . ."(Emphasis added). The General Statutes clearly provide that the guardian of a child has the "duty and authority to make major decisions affecting such minor's welfare, included, but not limited to, consent determinations regarding marriage, enlistment in the armed forces and major medical, psychiatric or surgical decisions." Section 17-32d(d).
It is clear that Shane is a child committed to the custody of the CT Page 893 Commissioner and therefore the Commissioner, as his guardian, has the authority to waive or assert Shane's rights concerning privileged communications made by him to Dr. Mantell and Dr. Sadler. That waiver is implicit in her motion to release the reports to DCYS. In addition, as was conceded by the respondent mother in her brief, this court has the discretion to disclose such information if it finds it to be in the best interest of the child to do so. In Re Sheldon G., 216 Conn. 563 (1990).
It is absolutely clear to the court, after reviewing the entire record in this case, that this is a seriously disturbed, emotionally impaired child who, at the age of twelve, has for the past five years has resided in and continues to require a structured therapeutic residential facility. He is currently a patient at the High Meadows Residential Treatment Center in Hamden, Connecticut where he has been since November, 1986. The staff at High Meadows now believe that they have done all that they can for Shane and plan to discharge him into another long term residential facility.
As previously indicated, the court has reviewed the two reports which are the subjects of this controversy. Dr. Mantell's psychological evaluation of Shane was conducted on July 12, 13, and 29, 1989. The report, dated July 31, 1989, reflects the child's history, reports from and interviews with other clinicians, and Dr. Mantell's evaluation of Shane, but does not contain a psychological evaluation, as such, of the respondent mother. At most it contains a few statements of mother concerning her belief that the child was doing well and that she is capable of caring for the child.
Dr. Sadler's psychiatric evaluation of mother and child was conducted on April 18, and 25, and May 1, 1989. Included in his report, dated May 9, 1989, are statements and opinions based upon his interviews and evaluations of both Shane and mother. Mother waived her right to confidentiality during her interview with Dr. Sadler. "I informed Ms. Arsenault that our discussions would not be confidential and she stated that she understood this." (Psychiatric Evaluation dated May 9, 1989.). Dr. Sadler's report does not contain an in depth evaluation of mother's psychiatric condition. Rather, the portion of the report relating to mother is for the most part an evaluation of the relationship between mother and child and relates to mother's ability to parent the child, rather than an evaluation of mother herself.
The court finds that both reports are comprehensive and insightful, and the nature of the information contained therein is extremely important to the welfare of this child. Both of the reports would be most helpful, if not indispensable, in planning for the future placement and treatment of this child. Indeed, not to utilize the observations, findings and insight of Dr. Mantell and Dr. Sadler in planning for the treatment and placement of Shane, who has CT Page 894 such very special needs, would be unthinkable and irresponsible.
The court finds that there is a compelling need to release both reports, in their entirety, to the Commissioner, to be used by the Commissioner in planning for the placement and treatment of Shane, and to do so is in the best interest of the child. The court further finds that in this instance the needs of the child outweigh the privilege of confidentially with respect to the psychological and psychiatric reports in issue. The court also finds that because of the child's special psychiatric and psychological requirements, there is a compelling need for the Commissioner to share information concerning Shane contained within the psychological and psychiatric evaluations with prospective placement facilities and treatment professionals.
However, the court finds that there is no compelling reason for the Commissioner to share with others the limited evaluations of mother contained within said reports.
The Commissioner, in the sound exercise of her discretion, has statutory authority, and the permission of this court, to share with others the information concerning the child contained within the reports for the purpose of placing and/or treating the child. However, that discretion to share information relates only to the evaluations of the child, it does not extend to psychiatric or psychological evaluations of the mother. [See: 17-431(c)].
For the reasons and purposed stated, it is ordered that the reports of Drs. Mantell and Sadler dated May 9, 1989 and July 31, 1989 be released to the Commissioner.
Dated at Rockville this 23rd day of January, 1991.
TERENCE SULLIVAN, JUDGE